UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ROSCOE MARK HETTICH, JR.,

               Plaintiff,

v.

UNKNOWN HOSKINS,

               Defendant.

_____/

Case No. 1:25-cv-697

Honorable Jane M. Beckering

## ORDER TO FILE AMENDED COMPLAINT

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. The events about which he complains, however, occurred at the Earnest C. Brooks Correctional Facility (LRF) in Muskegon Heights, Muskegon County, Michigan. Plaintiff sues LRF Officer Unknown Hoskins in his official capacity only. (Compl., ECF No. 4, PageID.24.)

A suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity; in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity, or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S.

332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Moreover, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will*, 491 U.S. at 66); *Harrison*, 722 F.3d at 771.

Here, Plaintiff seeks monetary damages. (Compl., ECF No. 4, PageID.26.) However, as noted above, the MDOC is not a "person" who may be sued under § 1983 for money damages. Therefore, Plaintiff may not seek monetary damages against Defendant Hoskins in his official capacity.

Plaintiff also seeks injunctive relief, asking to put a stop to excessive force being used against inmates. (Compl., ECF No. 4, PageID.24.) Although damages claims against official capacity defendants are properly dismissed, an official capacity action seeking injunctive or declaratory relief constitutes an exception to sovereign immunity. *See Ex Parte Young*, 209 U.S. 123, 159–60 (1908) (holding that the Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). The United States Supreme Court has determined that a suit under *Ex Parte Young* for prospective injunctive relief should not be treated as an action against the state. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Instead, the doctrine is a fiction recognizing that unconstitutional acts cannot have been authorized by the state and therefore cannot be considered done under the state's authority. *Id.*

Nonetheless, the Supreme Court has cautioned that, "*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (quoting *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)).

Past exposure to an isolated incident of illegal conduct does not, by itself, sufficiently prove that the plaintiff will be subjected to the illegal conduct again. *See, e.g.*, *Los Angeles v. Lyons*, 461 U.S. 95 (1983) (addressing injunctive relief); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (addressing declaratory relief).

The Sixth Circuit has held that transfer to another correctional facility moots a prisoner's injunctive and declaratory claims. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding that a prisoner-plaintiff's claims for injunctive and declaratory relief became moot when the prisoner was transferred from the prison about which he complained); *Mowatt v. Brown*, No. 89-1955, 1990 WL 59896 (6th Cir. May 9, 1990); *Tate v. Brown*, No. 89-1944, 1990 WL 58403 (6th Cir. May 3, 1990); *Williams v. Ellington*, 936 F.2d 881 (6th Cir. 1991). Here, Plaintiff is no longer confined at LRF, which is where he avers that Defendant Hoskins is employed. Plaintiff's request for injunctive relief does not relate to an ongoing violation and is not prospective. Thus, he cannot maintain his claim for injunctive relief against Defendant Hoskins in his official capacity.

The Court will grant *pro se* Plaintiff leave to file an amended complaint to correct the noted deficiencies. The Court directs the Clerk to send Plaintiff a copy of the Court's form complaint under 42 U.S.C. § 1983 for a civil action by a person in state custody.[1] Plaintiff shall submit an amended complaint by filing his amended complaint on the requisite form within twenty-one (21) days from the date of entry of this order. The amended complaint will take the place of the original complaint, so it must include all properly joined Defendants that Plaintiff intends to sue and all properly joined claims that Plaintiff intends to raise. Plaintiff need not re-submit supporting exhibits filed with the original complaint. The case number shown above must appear on the front

---

[1] All civil rights complaints brought by prisoners must be submitted on the form provided by this Court. *See* W.D. Mich. LCivR 5.6(a). If Plaintiff wishes to proceed with his action, he must carefully fill out the form and submit it to the Court.

page of the amended complaint. If Plaintiff fails to submit an amended complaint that complies

with this Order and the applicable Federal Rules of Civil Procedure regarding pleading standards

and joinder within twenty-one (21) days, the Court will dismiss the action without prejudice. *See*

Fed. R. Civ. P. 41(b).

       **IT IS SO ORDERED**.


Dated:   July 9, 2025                                         /s/ Ray Kent
                                                    RAY KENT
                                                    United States Magistrate Judge